(December 18, 1891.)

## McCONNELL et al. v. McCORMICK et al.

[28 Pac. 421.]

Costs—Expenses of Office in Keeping Attached Property—
Expenses Incurred Without Authority.

Sheriff Expenses in Keeping Property not to Exceed Three
Dollars per Day.—Where the statute provides that the sheriff
shall be allowed, "for his trouble and expense in taking and keep-
ing possession of and preserving property under attachment, etc.,
such sum as the court may order, provided no more than three
dollars per day be allowed a keeper."

Sheriff Incurring Expenses Without Order of Court—Remov-
ing Property.—Where an expense of $688.20 was incurred by the
sheriff without an order of court, for the removal of lumber from
the mill of defendants, no necessity for such removal appearing,
held, that said charge should be disallowed.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

J. A. C. Freund, for Appellants.

Retaxation of costs is a question of fact, and cannot be deter-
mined by a review of the cost-bill and motion. (Evans v.
Jacob, 59 Cal. 629.) It is a question of fact to be tried by
the court. (Nestor v. Bischoff, 123 N. Y. 517, 25 N. E. 1046.)

Forney & Tillinghast and J. C. Elder, for Respondents.

The clerk's minutes of the trial are no part of the transcript
on appeal. (People v. Empire etc. Min. Co., 33 Cal. 173.)
Unless the court makes an order, the sheriff has no right to
expenses incurred in executing processes. (Bower v. Rankin,
61 Cal. 108; Lane v. McElhany, 49 Cal. 424; Geil v. Stevens,
48 Cal. 590.)

HUSTON, J.—This is an appeal from an order of the judge
of the second district in and for Latah county, made after judg-
ment, disallowing a portion of a bill of costs. Appellants
brought action in the district court for Latah to recover from.
defendants the sum of $565.15, and recovered judgment thereon
for that amount, with interest and costs. At the time of com-

mencing action plaintiffs procured a writ of attachment to be issued, which was levied upon 172,050 feet of lumber, the property of defendants, and then being at the sawmill of defendants, situated some eleven or twelve miles from the town of Moscow, the county seat of said Latah county. Attachment was issued on fourth day of September, 1890, and levy was made on same day. At the time of making the levy the sheriff employed a keeper to take charge of the attached property. On November 21st, the sheriff having procured an order of the district judge therefor, the attached property was sold at public auction at Moscow, it having been previously removed by the sheriff from the sawmill of defendants to said town of Moscow, at an expense of four dollars per thousand feet. The lumber was sold for four dollars and ninety-five cents per thousand feet, one of the plaintiffs being the purchaser. The contention arose upon the bill of costs filed by plaintiffs, defendants claiming that the charge of $688.20, for removing said lumber from their sawmill to Moscow, was unnecessarily incurred, and ought not to be allowed. In support of their contention defendants file the following affidavit:

"[Title of Court and Cause.]

"State of Idaho,   }
  County of Latah. }  ss.

"Charles E. McCormick, being duly sworn, says that he is one of the defendants in the above-entitled action. That on the fourth day of September, 1890, and long prior thereto, the defendants above named were the owners and in possession of 172,000 feet of lumber situated on the yard at McCormick Brothers sawmill, about eleven miles east of the town of Moscow, in Latah county, in the state of Idaho. That on said fourth day of September, 1890, George Langdon, as sheriff of said Latah county, at said sawmill, attached and took into his possession the whole of said lumber, and at the same time and place appointed a keeper therefor, who took possession of the same. That said sawmill yard, where said lumber was situated, was a safe and convenient place in which to keep the same. That between the fifteenth day of October, 1890, and the first day of November, 1890, the said sheriff, George Lang-

don, removed and hauled away from said sawmill yard the said 172,000 feet of lumber to the town of Moscow, in said county and state. That said lumber was so removed without any order of court authorizing the same, without the consent of said defendants or either of them, and against the protest of said defendants and each of them. That prior to and at the time said lumber was attached, as aforesaid, the defendants had been selling lumber of the same kind and character at said sawmill at the rate of eight dollars and nine dollars per thousand. That at about the time said lumber was removed, as aforesaid, the defendants were offered for the entire lot of said lumber, delivered at said sawmill yard, five dollars and six dollars per thousand, or an average price of five dollars and fifty cents per thousand, and that the same was at said time and place reasonably worth the sum of seven dollars per thousand, for the entire lot of said lumber, and that at no time since the removal of said lumber as aforesaid has the price of such lumber depreciated at said sawmill. That on or about the twenty-first day of October, 1890, the said George Langdon, as sheriff, by order of court, sold at said town of Moscow the entire lot of said lumber so removed, as aforesaid, at the rate of four dollars and ninety-five cents per thousand, and that R. S. Brown, one of the plaintiffs herein, was the purchaser thereof. Affiant further says that said lumber, and the whole thereof, was removed by said George Langdon, as aforesaid, at the request and earnest solicitation of plaintiffs herein, and at an expense of four dollars per thousand, as this affiant is informed and believes, and that the defendants herein have received no benefit whatever therefrom, and that said expense of four dollars per thousand for hauling said lumber was useless and unnecessarily incurred. Affiant further says that said removal of said lumber as aforesaid was not necessary for the protection, preservation and safekeeping of said lumber, or any part thereof. And further this affiant saith that the order of court for the sale of said lumber as aforesaid was made without the consent of defendants, or either of them, or their attorney, and against their protest.

(Signed)    "CHARLES E. McCORMICK."

Plaintiffs filed the following affidavit of the sheriff, which it appears the district judge refused to consider:

"[Title of Court and Cause.]

"State of Idaho, ⎱ ss.
  County of Latah. ⎰

"I, George Langdon, being first duly sworn, say that between the fourth day of September, 1890, and the thirteenth day of January, 1891, and at all times between said dates, affiant was the duly qualified, elected, and acting sheriff of Latah county, in the state of Idaho. That in the month of September, 1890, the above-named plaintiffs duly commenced an action against defendants in the district court in and for . Latah county to recover the sum of $565.15, besides interest and costs, against defendants, and duly procured a writ of attachment in said action, and placed the same in the hands of affiant for service and execution. That, pursuant to. said writ, affiant, as such sheriff, duly levied upon and took into his possession 172,050 feet of lumber, the property of defendants in said action, and the defendants above named. That said property, when so taken under said writ as aforesaid, was situated in the yard of defendants, at their millyard, about eleven miles distant from Moscow, and beyond the personal control of affiant. That affiant could not procure a suitable and reliable person as keeper to care for said property. That said property was so situated as to become mixed and confused with other lumber in said yard, and was so situated as to be greatly in danger of fire, and was in great risk of fire, and could not be insured or made safe without being removed, and, if so removed, it could not be located or placed in a safe situation without bringing the same to Moscow, so as to be under the personal supervision of affiant. That thereupon affiant, as said sheriff, caused the said lumber to be removed to. a place of safety, and brought the same to the town of Moscow. That defendants, and each of them, fully understood that he should and would remove said property, and fully agreed with affiant that it should be removed. That affiant derived no benefit or profit in the removal of said lumber, but that the sum charged therefor was actually expended as such expense, and affiant's actions

were fully acquiesced in by all parties in interest. That said lumber was duly sold by order of this court,. as the records herein will fully verify, and was so sold for the best price which could be procured for such lumber and for lumber of such quality. That affiant experienced great difficulty in selling said lumber at all, by reason of the fact that it was under attachment, and the cloud thereby cast upon the title to said property, and by reason of the quality of the same. That to keep said lumber at the aforesaid sawmill from the fourth day of September, 1890, until the convening of the district court in and for Latah county, state of Idaho, which said convening was at that time not known or set for any particular date, nor was it at that time reasonable to know when said district court would meet. Said expense would have been reasonably incurred at very great expense for the reason of keeper's fees, which could not have been procured at a less price than three dollars per day for all the time until the convening of said aforesaid court.

(Signed)   "GEO. LANGDON."

The action of the district judge in refusing to consider the affidavit of Langdon, the sheriff, is assigned as error by appellants. Whether this action of the district judge was correct or not, it is not essential now for us to decide. The affidavit is properly before us, and we will consider it. The district judge disallowed the charge of $688.20 for removing the lumber from the sawmill of the defendants to the town of Moscow simply for the purpose of a sale, as being an unnecessary expense, and not within the purview of section 2126 of the Revised Statutes of Idaho, which provides as follows: "The sheriff is allowed," etc., "for his trouble and expense in taking and keeping possession of, and preserving property under attachment, or execution or other process, such sum as the court may order; provided, no more than three dollars *per diem* be allowed a keeper." We think the ruling of the district judge was entirely correct. The judgment in this case was for the sum of $588.52, damages and costs. The cost-bill is made up of the following items and amounts, to wit: Sheriff's fees, $83.58; clerk's fees, $10.65; keeper's fees, $93; for

hauling lumber from defendants' sawmill, twelve miles from Moscow into Moscow at four dollars per thousand feet (172,-050 feet), $688.20; total costs and disbursements, $875.43. The affidavit of defendant McCormick avers that defendants had been offered five dollars and fifty cents per thousand feet for the lumber at the mill, and this statement is not attempted to be controverted. The statement of the sheriff in his affidavit that he could not procure a suitable and reliable person as keeper to care for said property is hardly consistent with his charge for a keeper for the entire period from the levying of the attachment to the time of the sale—forty-three days, at two dollars and sixteen cents per day, amounting to ninety-three dollars. The record in this case is greatly and needlessly encumbered. The appeal was from an order, and the statutes provide what papers are requisite to be taken to the appellate court in such a case, and counsel impose unnecessary labor upon themselves and the court, and useless expense upon their clients, when they fail to follow the statutes. The order of the district judge is affirmed, with costs to appellants.

Sullivan C. J., and Morgan, J., concur.